871 F.2d 1097
 37 Cont.Cas.Fed. (CCH) 76,040
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COLOR-VUE ELECTRONICS, INCORPORATED, Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1565.
 United States Court of Appeals, Federal Circuit.
 March 17, 1989.
 
 Before NIES, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 Color-Vue Electronics, Inc. appeals from the judgment of the Department of Transportation Board of Contract Appeals, DOTBCA No. 1740, 88-1 BCA (CCH) p 20,482 at 103,608 (1988), holding that Contract No. DTCG28-85-C-00016 had been properly default terminated. We affirm.
 
 OPINION
 
 2
 The short of it is that Color-Vue bid and obtained the award of a contract it showed itself wholly unequipped and unprepared to perform. The board found that Color-Vue, after it knew the system it originally meant to supply would not be accepted, agreed to supply the more expensive V-Band electronic key system the Coast Guard demanded, without any expression by it (written or oral) that this undertaking was believed to be a compensable change from the contract requirements. FF 30 reads as follows:
 
 
 3
 Mr. Shank advised the Coast Guard that a V-Band electronic key system would be more costly. The response was that no other equipment would be approved, so that the failure of Color-Vue to furnish V-Band components would result in a termination for default, after which the Coast Guard would reprocure, obtaining V-Band equipment and charging the excess cost back to Color-Vue. (Tr. 70-71). Mr. Shank thereupon agreed to furnish V-Band equipment. This probably occurred on March 8 (Tr. 810). He did not give the Coast Guard any written notice that he considered this to be a compensable change from the contract requirements. It also appears that he did not orally make such a statement.
 
 
 4
 88-1 BCA (CCH) at 103,617.
 
 
 5
 That agreement precludes Color-Vue from now relying on the irregularities, or ambiguities in the invitation to bid, relating to the brand of equipment required by the contract, which allegedly gave rise to the need for such clarification. There was no improper coercion or duress to make this agreement. By FF 32:
 
 
 6
 The alleged threat of terminating the contract and assess [sic] excess reprocurement costs has not been proven to be anything more than a simple statement of the avenues available to the Coast Guard in the event appellant failed to complete the work.
 
 
 7
 Id. at 103,618.
 
 
 8
 It is undisputed that the contractor had not fully performed on the expiration date of the last extension of time given it, or on the date of termination some time later. The board's decision is not arbitrary, capricious, or unsupported by substantial evidence. 41 U.S.C. Sec. 609(b).